IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, September 20, 2004

# IN RE: ESTATE OF BARSHA ELLA ROYSTON, DECEASED

**Direct Appeal from the Chancery Court for Sullivan County**
**No. P-97-09062     Hon. Richard E. Ladd, Chancellor**

**No. E2004-00963-COA-R3-CV - FILED SEPTEMBER 29, 2004**

Appellant has appealed before final judgment was entered.  We dismiss the appeal.

**Tenn. R. App. P.3 Appeal as of Right; Appeal Dismissed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

William Harold Royston, Appellee, *pro se.*

Johnny Royston, Appellant, *pro se.*

## OPINION

This is an action brought by one of the heirs of the deceased.

The Clerk and Master entered this Order in the Estate:

In the matter of the Final Accounting in the estate of Barsha Ella Royston, deceased, it appearing to the Clerk and Master this 16th day of February 2004 William Harold Royston, the Administrator of the Estate of Barsha Ellen Royston, having made a final report, which is unexcepted to, and that the estate has been completely administered.

IT IS, THEREFORE, ORDERED that the Administrator be and is hereby discharged upon payment to the heirs of their share, and the Sureties on his bond, if any, are also released from further obligation in connection with the matters involved. The Administrator will pay the share of Jamie Royston and Mary Royston into court as they cannot be located.

The personal representative charged no fee.

Apparently, this Order was furnished the appellant by certified mail which was signed for by the Warden at Roane Mountain on February 18, 2004. On March 5, 2004, the appellant filed what amounts to exceptions to the Report by the Clerk and Master in the Estate. Subsequently, it appears that documentation supporting the administration of the Estate was filed by the administrator. However, the record before us does not establish that the Court ruled on the exceptions to the Order entered by the Clerk and Master. *See*, Tenn. Code Ann. § 30-2-607, and Tenn. R. Civ. P. 53.05.

Since the parties are *pro se*, we are unaware of whether the Trial Court ruled on the exceptions to the Report by the Clerk and Master. There is no final judgment in the record. The appeal must lie from a final Judgment. Tenn. R. App. P. 3(a).

Accordingly, we dismiss the Appeal filed by appellant.

The cost of the appeal is assessed against the appellant, Johnny Royston.

_____
HERSCHEL PICKENS FRANKS, P.J.